**STATE ex HANNA v SPITLER et, Etc**

Ohio Appeals, 3rd Dist, Hancock Co

No 327.   Decided July 1, 1933

Axline & Pendleton, Findlay, for plaintiff.

Fred R. Hover, Ada, for defendants.

## OPINION

By GUERNSEY, J.

According to the Ohio statutes "mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specifically enjoins as a duty, resulting from an office, trust or station." It is fundamental that the act must be one which the law specifically enjoins as a duty resulting from an office, trust or station, or, as has sometimes been stated, the duty, performance of which is to be enforced, must be mandatory.

The converse of this proposition is equally true; mandamus does not lie to compel the performance of an act which is not specially enjoined by law, as a duty resulting from an office, trust or station. **25 O. Jur., pages 995 and 996.**

The question then is whether the act the performance of which on the part of the defendants as constituting said Board of Health is sought in this action, is one the performance of which the law specifically enjoins as a duty, resulting from their

office, on the defendants as constituting said board.

In order to determine this question, it is necessary to consider the jurisdiction of the council of the City of Findlay, and the jurisdiction of the defendants over the subject matter of said ordinance and the duty of the defendants in carrying out the provisions thereof. While the defendants are referred to in the petition and the agreed statement of facts, as constituting the Board of Health of the City of Findlay, it is clearly the intention of the parties that the defendants constitute the Board of Health of the City of Findlay Health District, as there are now no municipal boards of health under the statutes of this state.

Apart from powers that may be delegated to it from time to time by the legislature, a municipal corporation derives its right to adopt and enforce sanitary and other similar regulations, from **Article 18, §3 of the Constitution of Ohio,** which reads as follows:

"Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

**Sec 3652 GC** is the only section of the General Code specifically conferring on municipal corporations, powers over the subject matter of the ordinance above mentioned. This section reads as follows:

"To provide for the inspection of spirits, oils, milk, breadstuffs, meats, fish, cattle, milk cows, * * * and all food products."

This section was adopted in 99 Ohio Laws. The act relating to health districts was adopted in 108 Ohio Laws, and is now contained in §§1261-16 et seq, GC. §1261-16, GC, in part, provides:

"For purposes of local health administration the state shall be divided into health districts. Each city shall constitute a health district, and for the purposes of this act shall be known as and hereinafter referred to as a city health district. * * *"

**Sec 1261-30 GC** of the same act, provides:
"The district board of health hereby created shall exercise all the powers and perform all the duties now conferred and imposed by law upon the board of health of

a municipality, and all such powers, duties, procedure and penalties for violation of the sanitary regulations of a board of health shall be construed to have been transferred to the district board of health by this act. The district board of health shall exercise such further powers and perform such other duties as are herein conferred or imposed."

**Sec 4413 GC,** relates to the power of a board of health to make orders, and in part, reads as follows:
"The board of health of a city may make such orders and regulations as it deems necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement or suppression of nuisances. Orders and **regulations not for the government of the board, but intended for the general public shall be adopted, advertised, recorded and certified as are ordinances of municipalities."**

The jurisdiction of district boards of health over milk and milk products is conferred by the provisions of §§4458 to 4466, GC, both inclusive, and it will be noted that under the provisions of these sections, power is specifically conferred upon a board to adopt regulations similar to the subject matter of the ordinances adopted by the council in the case at bar.

We find no provision of law making a board of health of a city health district subject or amenable in any way to the government of the municipality with which the district is co-extensive except that appointments of members of the board are made by the mayor of such municipality, and such board, under the law constitutes a governmental agency separate and distinct from such municipality and not in any way subject to the jurisdiction of the municipality. It is said in 20 O. Jur., page 572, that:

"Local health officers in the exercise of the power delegated to them are plainly engaged in a purely public service in the performance of strictly governmental duties. They cannot in any sense be considered as agents of the corporation, which is, accordingly, not liable for their negligence or misdoings."

By the constitutional provision above mentioned, the power of municipalities to adopt and **enforce** sanitary and other similar regulations, is restricted to the **limits** of

such **municipality** and the same restriction in reason applies to similar powers delegated to a municipality by the legislature, so it cannot be said that any act incidental to the enforcement of such regulation which cannot be done within the limits of such municipality, is specifically enjoined by law on any officer as a duty resulting from an office, trust or station.

As under the provisions of the General Code above mentioned power is specifically conferred upon a board of health of a municipal health district to adopt regulations similar to the subject matter of the ordinance adopted by the municipal council in the instant case, which under the law such board of health in its discretion may or may not exercise, and such city district board of health constitutes a separate and distinct governmental agency which is not required by law to enforce the provisions of an ordinance of the city the boundaries of which are co-extensive with such health district covering the same subject matter, there is no duty on the part of such board under such ordinance the performance of which can be compelled by mandamus.

Holding these views, judgment will be entered for defendant.

CROW, PJ, and KLINGER, J, concur.