**HALL BROS. et, Plaintiffs-Appellants, v. CLEVELAND (City) et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22859.   Decided November 23, 1953.

James A. Chiara, Cleveland, for plaintiffs-appellants.
Joseph H. Crowley, Director of Law, Charles W. White, Asst. Director of Law, Cleveland, for defendants-appellees.

## OPINION

Per CURIAM:

This appeal from a judgment of the Common Pleas Court on questions of law involves the validity of an ordinance of the city of Cleveland which by its terms provides that establishments engaged in the slaughtering of live stock for human consumption located outside the city limits, when rendered meat inspection services by the city, shall pay the reasonable costs of such inspection.

The action was commenced by fourteen owners of slaughter establishments located outside the city limits of Cleveland who prayed for an order enjoining the defendant, the city of

Cleveland, and two of its officers of the Cleveland Health Department in charge of the administration of the Bureau of Meat and Dairy Inspection from charging and collecting fees for inspectional services "customarily rendered" on the ground that the ordinance of the city of Cleveland which requires such fees is discriminatory as against them, in that they are required to pay costs of inspection over and above that required of like establishments located within the city limits. The case was tried on the issues made by the pleadings and stipulated facts. The trial court found for the defendants and entered judgment accordingly.

The single question presented is whether Sec. 3.3710 of the codified ordinances of the city of Cleveland of 1951 is valid and enforcible. Said ordinance reads as follows:

"Sec. 3.3710. Charge for inspection.

"(a) The reasonable cost of inspection, including time consumed and expenses incurred in traveling by bureau employes outside of the city limits shall be paid by establishments rendered inspection services under this ordinance when such establishments are located outside the city limits of the city of Cleveland. When more than one establishment is included in any inspection trip made by bureau employes outside the city limits, the proper proportion of the traveling expenses of said employes shall be paid by each establishment inspected.

"(b) Establishments located within the city of Cleveland rendered inspectional services other than customarily rendered all meat handling establishments shall also pay the reasonable cost of such services rendered, such reasonable cost to be established by a stated list of charges according to a schedule approved by the official charged with the enforcement of this chapter and kept on file at the offices of the bureau of meat and dairy inspection."

This ordinance classifies establishments such as plaintiffs own and operate. Such establishments are classified according to whether they are located **without** or **within** the city limits. It will be noted that the subject of classification is not residents but **"establishments rendered inspection services under this ordinance."**

Sec. 3.3702 of the codified ordinance of the city of Cleveland reads as follows:

"**Every establishment** in which cattle, sheep, swine or goats are slaughtered for sale or in which carcasses, parts of carcasses, meat, meat products, or meat food products, of, or derived from, cattle, sheep, swine or goats are. wholly or in part, canned, cured, smoked, salted, packed, rendered or

otherwise prepared for sale which are capable of being used as food for man, **shall have inspection under this chapter.**"

Plaintiffs, by way of brief and in oral argument, state that they do not object to pay the costs of getting inspectors to and from their establishments from the city limits of the city of Cleveland, but they do object to paying the costs of inspection services rendered while on their premises, although they concede that they cannot sell their products in the city of Cleveland without such inspection. (Stipulations of fact show that meat packers operating their establishments in Cleveland are required to pay the cost of inspection rendered after regular business hours, i. e. after 5 o'clock p. m. and before 8 o'clock a. m.)

We think the power of the city to enact and enforce such an ordinance has heretofore been established by decisions of our Supreme Court. A case which we consider controlling and decisive is **City of Dayton v. Jacobs, 120 Oh St 225.** Robinson, J., at page 234-5 of the report states:

"**Section 3, Article XVIII, of the Constitution of Ohio,** confers upon municipalities 'all powers of local self-government and to adopt and enforce within their limits such local police * * * regulations as are not in conflict with general laws.' It is and must be conceded by the defendant in error that the preservation of the public health of the municipality falls within the purview of local police power; that the prevention within the municipality of the sale and offer for sale of unwholesome meat for human consumption tends to preserve the public health, and that an official **ante mortem** inspection of the carcass of the animal and an official approval or disapproval of such animal and carcass from which the meat intended for such sale is obtained are appropriate means of preventing a sale or exposure for sale of diseased and unwholesome meat."

Paragraph 3 of the syllabus is as follows:

"The fact that certain slaughtering establishments in a municipality, by reason of the scope of their business, are entitled to receive and do receive a free inspection service and an approval or disapproval from the federal government and therefore do not require nor receive such service from the municipality, and are not charged any inspection fee by the municipality, does not make the exaction by the municipality of a fee for inspection service from establishments which are not entitled to and do not receive inspection service from the federal government and do require and receive inspection service from the municipality invalid because of discrimination."

Other cases upholding the power of the city to enact such

ordinances are **Prudential Cooperative Realty Co. v. City of Youngstown, 118 Oh St 204** and **City of Cleveland v. Terrill, 149 Oh St 532.**

The plaintiffs place great reliance upon the case of **State, ex rel. Hanna v. Spitler, 47 Oh Ap 114;** 190 N. E. 584 and the case of Douglas Brunner d. b. a. Brunner Meat Packing et al, v. Rhodes et al, etc., case No. 4730, in the Court of Appeals of Franklin County, Ohio (1953) **(95 Oh Ap 259).**

We think this latter case must be distinguished for the reason that there the Board of Health and not the City Council passed the regulation complained of. In that case on page 9 of the unreported opinion appears the following significant language in reference to the case of City of Dayton et al, v. Jacobs, supra.

"The legislation under consideration in the Jacobs case was a Municipal ordinance and does not reach nor determine the question here presented, namely, the power of the Board of Health by legislation to exact inspection fees from slaughters."

In Hanna v. Spitler, supra, a different question was presented as indicated by the statement of Guernsey, J., at page 119 of the report as follows:

"It was stipulated by the parties that the only question for determination by the court is whether the defendants (Board of Health of the City of Findley) have the right to refuse to make inspections at the expense of relator of sources of milk supply not within or adjacent to the boundary lines of Hancock County, Ohio, under the terms and provisions of said revised and amended ordinances."

It is quite evident that the question there determined does not touch upon the issues in this case.

Plaintiffs cite and quote from numerous authorities which, upon examination, we consider inapplicable to the issues here presented.

We are of the opinion that if plaintiffs choose to locate and maintain their establishments outside of the city, a matter over which the city has no control, but desires to sell their products within the city, they must be bound by an ordinance which provides for the payment of a reasonable fee for inspection services necessarily rendered to enable them to offer their products for sale in the city of Cleveland.

It is our conclusion that the ordinance in question is a valid exercise of the police power under the Home Rule Provisions of the charter of the city of Cleveland and must be upheld

For the reasons stated, the judgment is affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.